UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| GREAT AMERICAN INSURANCE § <br> COMPANY OF NEW YORK AS § <br> SUBROGEE OF THE COUNTY OF § <br> GALVESTON, § <br> Plaintiff, § <br> v. § <br> § <br> ZEBRA TECHNOLOGIES CORPORATION § <br> FSP TECHNOLOGY INC., and FSP GROUP § <br> USA CORP., § <br> Defendants. | CASE NO. 3:23-cv-0047 |

**DEFENDANTS FSP TECHNOLOGY INC. AND FSP GROUP USA CORP.'S
ANSWER AND AFFIRMATIVE DEFENSES
<u>SUBJECT TO FSPT'S OBJECTIONS TO PERSONAL JURISDICTION</u>**

Defendants FSP Technology Inc. ("FSPT") and FSP Group USA Corp. ("FSP Group USA") (collectively "FSP Defendants") file this Answer and Affirmative Defenses Subject to FSPT's Objections to Personal Jurisdiction to the Petition filed on January 9, 2023 ("Complaint") by Great American Insurance Company of New York, as subrogee of the County of Galveston ("Plaintiff").

### I. DISCOVERY CONTROL PLAN

1. This paragraph is procedural in nature and does not require a response; it is also inapplicable now that the case has been removed to federal court.

### II. PARTIES

2. FSP Defendants are without sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph.

3. FSP Defendants are without sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph.

1

4. FSP Defendants are without sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph.

5. FSPT admits that it is a foreign corporation organized under the laws of Taiwan and that it has appeared in this matter subject to its objections to personal jurisdiction.

6. FSP Group USA admits that it is a foreign for-profit corporation organized and existing under the laws of the State of California with its principal place of business in California. FSP Group USA has appeared in this matter.

### III.    JURISDICTION AND VENUE

7. FSP Defendants are without sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph.

8. FSP Defendants are without sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph.

9. FSPT denies that this Court has personal jurisdiction over it and denies that it has purposefully availed itself to the jurisdiction of this court. FSPT denies the remaining factual allegations in this paragraph.

10. FSPT denies that this Court has personal jurisdiction over it and denies that FSP Group USA is its alter ego. FSPT denies the remaining factual allegations in this paragraph.

11. FSP Group USA admits that jurisdiction and venue are proper in this Court for the claims against FSP Group USA. FSP Group USA denies that it committed any torts in Texas. FSP Group USA denies that it had any involvement with the power supply unit that is the subject of this lawsuit.

12. This paragraph states legal conclusions to which no response is required. However, should a response be deemed necessary, FSP Defendants admit that Plaintiff is seeking monetary

282084199v.1

relief over $1,000,000 in this lawsuit, and that the United States District Court for the Southern District of Texas, Galveston Division, has subject matter jurisdiction over this controversy based on diversity jurisdiction. FSPT denies that the Court has personal jurisdiction over FSPT.

13. This paragraph states legal conclusions to which no response is required, and furthermore, the provisions of Texas procedural law cited therein are inapplicable in federal court. However, should a response be deemed necessary, FSP Defendants admit that venue is proper in the United States District for the Southern District of Texas (Galveston Division) because this is a suit related to the damages to real property located in Galveston County. FSPT denies that the Court has personal jurisdiction over FSPT.

## IV.   FACTS

14. FSP Defendants are without sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph.

15. FSP Defendants are without sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph.

16. FSP Defendants deny that FSP Group USA Corp. manufactured, sold, or distributed the power the supply unit for the Printer. FSPT admits that it manufactured power supply units for Zebra printers and the unit at issue may have been manufactured by FSPT. FSP Defendants deny that the power supply unit was defective. FSP Defendants are without sufficient information and/or knowledge to admit or deny the remaining allegations contained in this paragraph.

17. FSPT admits that Zebra issued recalls for power supply units and that the recalls are in writing and speak for themselves. FSP Defendants deny that FSP Group USA Corp. manufactured, sold, or distributed the power the supply unit for the Printer. FSPT admits that its website is in writing and speaks for itself. FSP Defendants deny that the power supply unit was

282084199v.1

defective. FSP Defendants deny the remaining allegations of fact in this paragraph.

18. FSP Defendants are without sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph.

19. FSP Defendants are without sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph.

20. FSP Defendants are without sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph.

21. FSP Defendants are without sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph.

22. Denied.

## V.   CAUSES OF ACTION

**A.   Negligence**

23. FSP Defendants incorporate their responses to the preceding paragraphs by reference as if fully set forth herein.

24. FSP Defendants neither admit nor deny the allegations contained in this paragraph as they are not directed to FSP Defendants. If the allegations can be construed against FSP Defendants, FSP Defendants are without sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph, and therefore deny the same.

25. Denied.

26. Denied

27. Denied.

**B.   STRICT LIABILITY IN TORT**

28. FSP Defendants incorporate their responses to the preceding paragraphs by reference as if fully set forth herein.

4

29. Denied.

## C. BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

30. FSP Defendants incorporate their responses to the preceding paragraphs by reference as if fully set forth herein.

31. FSP Defendants are without sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph.

32. FSPT admits that it manufactured the power supply units for Zebra printers. FSP Defendants deny that FSP Group USA Corp. manufactured, sold, or distributed the power the supply unit for the Printer. FSP Defendants deny the remaining allegations of fact in this paragraph.

33. Denied.

34. Denied.

35. Denied.

## VI.   DAMAGES

36. FSP Defendants incorporate their responses to the preceding paragraphs by reference as if fully set forth herein.

37. FSP Defendants deny that any of Plaintiff's insured's losses were caused by FSP Defendants. FSP Defendants are without sufficient information and/or knowledge to admit or deny the remaining allegations contained in this paragraph.

38. Denied

39. FSP Defendants neither admit nor deny the allegations contained in this paragraph as they are not directed to FSP Defendants. If the allegations can be construed against FSP Defendants, they deny the same.

40. This paragraph states legal conclusions to which no response is required. However,

282084199v.1

should a response be deemed necessary, FSP Defendants deny that Plaintiff is entitled to any recovery or pre-judgment interest against FSP Defendants.

41. This paragraph states legal conclusions to which no response is required. However, should a response be deemed necessary, FSP Defendants deny that Plaintiff is entitled to any post-judgment interest against FSP Defendants.

### VII.   CONDITIONS PRECEDENT

42. Denied.

### VIII.   DEMAND FOR JURY TRIAL

43. This paragraph contains no allegations of fact against FSP Defendants.

### IX.   RULE 193.7 NOTICE OF INTENT

44. This paragraph is procedural in nature and does not require a response; it is also inapplicable now that the case has been removed to federal court. However, should a response be deemed necessary, FSP Defendants deny this allegation and demand strict proof thereof.

### X.   PRAYER

FSP Defendants deny that Plaintiff is entitled to any relief for its claims, specifically including but not limited to the subsets of damages set forth in its prayer. FSP Defendants request this Court dismiss Plaintiff's action with prejudice.

### DEFENSES AND AFFIRMATIVE DEFENSES

1. FSPT is not subject to personal jurisdiction in Texas.

2. FSP Group USA did not manufacture, sell, or distribute the power supply unit.

3. Plaintiff's claims, in whole or in part, fail to state a claim upon which relief may be granted.

4. Plaintiff's claims are barred or should be reduced under the Texas modified

6

comparative negligence rule to the extent that Plaintiff or its subrogors are found to be partially or fully at fault for the alleged incident.

5. Plaintiff's claims are barred in whole or in part by Plaintiff's failure to satisfy all conditions precedent prior to bringing its claim for relief in this case.

6. Plaintiff's claims are barred by its failure to mitigate damages.

7. Plaintiff's claimed damages were caused in whole or in part by abuse and/or misuse and/or knowing misuse, which bars Plaintiffs from any recovery against FSP Defendants.

8. Plaintiff's purported injuries and damages were caused in whole or in part by the negligent or otherwise improper conduct of other third parties.

9. FSP Defendants are entitled to apportion liability to any other defendants, defaulting defendants, and/or settling defendants.

10. If any damages are awarded to compensate Plaintiff for losses sustained, the Court must reduce the amount of any such award by the total of all amounts which have been paid for the benefit of Plaintiff or which are otherwise available to it from any collateral source.

11. FSP Defendants reserve any and all other defenses available to them under the applicable statutes or common law. FSP Defendants reserve the right to assert additional defenses as they become apparent through the investigation process or discovery.

WHEREFORE, Defendants FSP Technology Inc. and FSP Group USA Corp. pray for judgment that Plaintiff takes nothing by way of Plaintiff's Complaint and that the same should be dismissed with prejudice. Defendants further prays that they be awarded costs of suit incurred herein and for reasonable attorney's fees incurred herein as permitted and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, L.L.P.**

/s/ *Ethan D. Carlyle*
Ethan D. Carlyle
State Bar No. 24031794
S.D. Tex. No. 30741
ethan.carlyle@wilsonelser.com
909 Fannin Street, Suite 3300
Houston, Texas 77020
Telephone:  713-353-2000
Facsimile:   713-785-7780

**ATTORNEY-IN-CHARGE FOR DEFENDANTS FSP TECHNOLOGY INC. AND FSP GROUP USA CORP.**

**OF COUNSEL:**

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

Michael F. Webb
State Bar No. 24118218
S.D. Tex. No. 3586792
michael.webb@wilsonelser.com
909 Fannin St., Suite 3300
Houston, Texas 77010
Tel:  (713) 353-2000
Fax:  (713) 785-7780

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of April 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ *Ethan D. Carlyle*
Ethan D. Carlyle

282084199v.1